## McALLISTER v. UNITED STATES.
### No. 48, Docket 22779.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1953.

Decided Nov. 12, 1953.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. by Gray & Wythe, New York City, proctor for respondent-appellant-appellee; Horace M. Gray and Edward R. Phillips, New York City, advocates.

Bertram J. Dembo, New York City, proctor for libellant-appellee-appellant; Jacob Rassner, New York City, advocate.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Libellant brought suit against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover damages as a result of the respondent's alleged negligence in creating conditions conducive to the transmission of polio on board the War Shipping Administration Liberty Ship Edward B. Haines and for its failure to provide adequate treatment to the libellant when he contracted poliomyelitis as a result of such conditions. The court below did not find the respondent negligent in its treatment of the libellant. However it gave judgment to the libellant for $80,-000 on the ground that the respondent had been negligent in creating conditions conducive to the transmission of polio and that the libellant contracted polio as a result of this negligence.

Libellant signed on The Haines as Second Assistant Engineer in New York on July 23, 1945. After stopping at various ports en route to the Far East, the vessel arrived at Shanghai on September 26, where she remained till November 1. On that date she sailed for Hong Kong, arriving November 5, and again left for Shanghai on November 7, arriving November 11. During her second stay in Shanghai, Army trucks for the Chinese Nationalist Army were loaded on board with the help of Chinese coolies, and Chinese soldiers and mechanics were taken on board to be transported to Tsing-

tao. Much of the controversy in this case concerns the adequacy of the facilities set up for the Chinese, and the precautions taken by the master of The Haines to keep the Chinese segregated from the crew. The court below found that although toilet facilities were provided for the Chinese, in the manner of a temporary wooden trough extending over the ship's side, the master had made no arrangements to keep the Chinese personnel from using the ship's regular toilet facilities; that in fact Chinese personnel used the crew's toilet facilities and also used a common drinking fountain on the ship's deck and, on one or two occasions, the libellant was required to go up on deck and open the valve for the temporary latrine. As a result of these conditions the libellant claims to have contracted poliomyelitis.

The charge of negligence in treatment and care of the libellant while aboard The Haines was based on a failure to give him adequate food and medication. The court found that he first reported his symptoms on November 24 after the ship had left Shanghai for Tsingtao; that he was not required to perform duties after he took to bed, was given complete rest, and that the symptoms were such that it could not reasonably have been expected that the ship's personnel would recognize them as the early stages of poliomyelitis. The court further found that the care and treatment furnished libellant on The Haines was proper and adequate and did not aggravate the disease.

■ We agree that the finding that there was no negligence in the treatment and care of the libellant is supported by the evidence. However, it is not altogether clear that the action of the respondent taken with respect to the Chinese constituted negligence. Whether a legal duty exists which would force the respondent to maintain strict segregation or, even further, keep the Chinese off the boat altogether is questionable. Moreover, the respondent had warned the seamen of the dangers of contracting polio and had set up the private toilet facilities for the Chinese. If the epidemic ashore had been one of a more communicable variety, such as smallpox or yellow fever, the negligence of the respondent might be clearer.

But assuming the respondent was negligent, which seems highly doubtful, we have further difficulty with the decision of the court below. Judge Inch quoted extensively from a prior decision of this court, McAllister v. Cosmopolitan Shipping Co., 2 Cir., 169 F.2d 4, reversed on other grounds 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, affirming a judgment for the libellant where, in an action under the Jones Act, 46 U.S.C.A. § 688, the jury had found the operation of The Haines negligent on much the same facts we have here. But that was a general verdict of a jury, based on either negligence in treatment and care, or negligence in creating conditions conducive to polio. In affirming that decision it was impossible to tell upon which theory the jury relied. Moreover, the jury as the fact finding body traditionally had more scope in reaching its result than would the judge in the present case.

■ The libellant has the burden of proving that the respondent's negligence caused the injury sustained, but the proof here that the libellant contracted polio from the Chinese is far from satisfactory. The incubation period of poliomyelitis is not certain, as the libellant's medical witness admitted. Estimates, as shown by the record, range from a few days to 30 or 35 days. Thus the libellant might have become infected while on shore leave in Shanghai before November 1. Moreover, he might have become infected by flies or by members of the crew who were carriers of the disease. Under these circumstances to hold the respondent liable for injuries suffered by the libellant seems to be wholly speculative as the infection might well have arisen from various causes unrelated to the respondent's action. It is impossible to prove that letting Chinese come on board, assuming that conduct was negligent, was the proximate cause of libellant's disease. Since either

of the several inferences was permissible, the party having the burden of proof must lose. Pennsylvania R. R. Co. v. Chamberlain, 288 U.S. 333, 339, 53 S.Ct. 391, 77 L.Ed. 819; Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 663, 21 S.Ct. 275, 45 L.Ed. 361; Goodrich v. United States, D.C., 5 F.Supp. 364, 365. Thus we cannot agree that the evidence supports a finding made by the court below, that the libellant contracted polio as a direct result of the respondent's negligence.

For the foregoing reasons the judgment below in favor of the libellant is reversed and the libel dismissed.